DONALD H. CRAM (State Bar No. 160004)
SUNNY S. HUO (State Bar No. 181071)
ADAM N. BARASCH (State Bar No. 158220)
ANDREW W. NOBLE (State Bar No. 245993)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Email: anb@severson.com

Attorneys for Movant
**U.S. Bank National Association, As Trustee for CSAB Mortgage-Backed Pass Through Certificates, Series 2006-2; Wells Fargo Bank, N.A.; America's Servicing Company**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br>**CHRISTINE ANN GARDAS,**<br>Debtor.<br>———————————————<br>**U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CSAB MORTGAGE-BACKED PASS THROUGH CERTIFICATES, SERIES 2006-2; AMERICA SERVICING COMPANY; WELLS FARGO BANK, N.A.**<br>Defendant,<br>vs.<br>**CHRISTINE ANN GARDAS**,<br>Plaintiff and Debtor. | Adv. Case No.: 09-04406<br>BK Case No.: 09-45872-RN-7<br>**DEFENDANT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CSAB MORTGAGE-BACKED PASS THROUGH CERTIFICATES, SERIES 2006-2; WELLS FARGO BANK, N.A.; AMERICA'S SERVICING COMPANY'S MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: November 18, 2009<br>Time: 9:30 a.m.<br>Dept.: Courtroom 220<br>Judge: Hon. Randall J. Newsome |

# MOTION

TO PLAINTIFF, Christine Ann Gardas:

The grounds for the Motion are as follows:

1. On July 1, 2009, Christine Ann Gardas ("Gardas") filed a petition for relief under Chapter 7 case number 09-45872-RN-7 of the United States Bankruptcy Code.

2. U.S. Bank National Association, As Trustee for CSAB Mortgage-Backed Pass Through Certificates, Series 2006-2, America's Servicing Company and Wells Fargo Bank, N.A. ("U.S. Bank") is the defendant in an Adversary Proceeding, Christine Ann Gardas v. U.S. Bank, et al the Notice of Removal currently pending in Gardas' bankruptcy case.

3. This action originally commenced in State Court action when U.S. Bank filed a Complaint for Unlawful Detainer on August 29, 2008. ("unlawful detainer")

4. In response to the Unlawful Detainer Complaint, Gardas filed Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction in the Superior Court of the State of California for the County of Contra Costa. ("State Court Action").

5. On October 15, 2008, the Superior Court of the County of Contra Costa issued an Order Consolidating Cases and Granting Preliminary Injunction.

6. The State Court Action was removed to this Court pursuant to a Notice of Removal under 28 U.S.C. § 1452(a) on September 25, 2009, by Gardas. The State Court Action is currently pending before this Court as the Adversary Proceeding.

7. Equitable grounds exist justifying remand of the Adversary Proceeding under 28 U.S.C. § 1452(b) due to procedural defects, lack of subject matter jurisdiction, extent that state law issues predominate, comity, and relatedness or remoteness of the action to the bankruptcy estate, among other factors.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This case should be remanded for several reasons including that Plaintiff, Christine Ann Gardas's ("Gardas") Notice of Removal is procedurally defective, and there is no subject matter jurisdiction. For these reasons, Defendant, U.S. Bank National Association, As Trustee for CSAB Mortgage-Backed Pass Through Certificates, Series 2006-2, America's Servicing Company and Wells Fargo Bank, N.A. ("U.S. Bank") requests that this Court issue an order finding that Gardas' Notice of Removal is invalid and defective, that the state court never lost jurisdiction, remanding the case, and awarding U.S. Bank reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c).

## II.

## FACTS AND PROCEDURAL HISTORY

**A.     The State Court Unlawful Detainer Action**

The factual allegations herein are supported by the concurrently filed declaration of Cindy T. Shanabrook.

In May 2006, Gardas purchased real property located at 530 43rd Street, Richmond, California ("Real Property") from Robert Frost by taking out two loans: a $391,000 first mortgage from Wachovia and a $98,000 second mortgage from Citibank West. A true and correct copy of the Deed of Trust is attached hereto to the accompanying declaration of Cindy T. Shanabrook as <u>Exhibit A</u>.

After origination, the Loan was sold to Movants and ASC became the loan servicer. In May 2007, Gardas defaulted on the Loan.

On August 7, 2007, ASC recorded a Notice of Default and initiated foreclosure. A true and correct copy of the Notice of Default is attached hereto to the accompanying declaration of Cindy T. Shanabrook as <u>Exhibit B</u>.

Gardas contacted Movants and tried to obtain a forbearance agreement. In

- 3 -

November 2007, Gardas entered a written forbearance agreement which provides, in relevant part:

- Gardas must make five monthly payments of $2,623.46, starting on November 26, 2007, and a lump sum payment of $16,038.45 on May 26, 2008.
- "The lender at its option, may institute foreclosure proceedings according to the terms of the note and security instrument ***without regard to this agreement***."

Gardas attempted to comply with the terms of the forbearance agreement, but was unable to make payments from January 26, 2008 onward.

On March 20, 2008, Movants foreclosed on the property and Movant purchased it for $300,000 at the foreclosure sale. A true and correct copy of the Trustee's Deed Upon Sale is attached hereto to the accompanying declaration of Cindy T. Shanabrook as Exhibit C.

On June 6, 2008, Gardas was served with a written notice demanding she surrender possession of the real property to Movant not later than three days following service of said written notice. A true and correct copy of the Three Day Notice to Quit is attached hereto to the accompanying declaration of Cindy T. Shanabrook as Exhibit D.

On August 29, 2008, a Complaint for Unlawful Detainer was filed by Movant. A true and correct copy of the Unlawful Detainer Complaint is attached hereto to the accompanying declaration of Cindy T. Shanabrook as Exhibit E.

In response to the Unlawful Detainer Complaint, Gardas filed Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction in the Superior Court of the State of California for the County of Contra Costa. (hereinafter referred to as "State Court Action").

On October 15, 2008, the Superior Court of the County of Contra Costa issued an Order Consolidating Cases and Granting Preliminary Injunction. The Order provided as follows:

1). Consolidation of the Unlawful Detainer action with the Preliminary Injunction;

2). Enjoinment of Movants from proceeding with selling or conveying the real property located at 530 43rd Street, Richmond, California, terminating or otherwise interfering with utilities and water services at the subject property;

3). Prohibition of Movantst from posting notes or notices during the pendency of the action;

4). Gardas to post a bond of $2,150.00 no later than November 1, 2008; and

5). Gardas to make monthly payments in the amount of $2,150.00 beginning November 1, 2008 to Movants through their attorney of record, Andrew W. Noble.

See Order Consolidating Cases and Granting Preliminary Injunction attached hereto to the accompanying declaration of Cindy T. Shanabrook as Exhibit F.

Gardas failed to make the aforementioned monthly payments since the month of April, 2009.

Gardas filed for Chapter 7 bankruptcy on July 1, 2009.

On September 9, 2009, this Court heard a Motion for Relief from the Automatic Stay filed by U.S. Bank. The Court granted the Motion allowing Relief to allow U.S. Bank to file a Motion in State Court to Expunge the Order Consolidating Cases and Granting Preliminary Injunction. ("Motion") The granting of the Motion would allow U.S. Bank to proceed with its unlawful detainer action. See Order for Relief from the Automatic Stay attached hereto to the accompanying declaration of Cindy T. Shanabrook as Exhibit G.

Before U.S. Bank could file its Motion, Gardas filed a Notice of Removal in Federal District Court on September 25, 2009. Gardas did not serve any of the listed Defendants, including U.S. Bank with a copy of the said Notice. See Notice of Removal attached hereto to the accompanying declaration of Cindy T. Shanabrook as Exhibit H.

## III.

## LEGAL ARGUMENT

### Factors to be Considered for Remand

There are several factors for the Court to consider when determining whether a case

- 5 -

07685/0187/763735.1

PLAINTIFF'S MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES AND COSTS

Case: 09-04406  Doc# 2  Filed: 10/21/09  Entered: 10/21/09 14:42:48  Page 5 of 9
Case No. 09-04406

should be remanded to State Court. In <u>Williams v. Shell Oil, 169 B.R. 684</u>, (Bankr. S.D. Cal. 1994, the Court identified seven factors to consider when faced with a Motion to Remand. They are as follows:

1. The effect of the actions on the administration of the bankrupt estate;
2. the extent to which issues of state law predominate;
3. the difficulty of applicable state law;
4. comity;
5. the relatedness or remoteness of the action to the bankruptcy estate;
6. the existence of a right to jury trial;
7. prejudice to the party involuntarily removed from state court.

Id at 692-3.

Here these factors weigh towards Remand to State Court by U.S. Bank. This Court previously heard and granted U.S. Bank's Motion for Relief from the Automatic Stay to proceed with expunging the Order Consolidating Cases and Granting Preliminary Injunction and allow U.S. Bank to continue with its unlawful detainer action. Neither Gardas, nor her counsel appeared at the Relief from Stay hearing, or filed any opposition. Due to Gardas' non-compliance with its terms of the Order Consolidating Cases and Granting Preliminary Injunction, it is likely the State Court would expunge said Order. Then this action becomes an unlawful detainer proceeding, which as set forth below, is exclusively a state law action that is unrelated to Gardas' Chapter 7 bankruptcy case. Requiring the bankruptcy court, that did not grant or set forth the terms of the aforementioned Order Consolidating Cases and Granting Preliminary Injunction, to determine whether expunging said Order, is counter productive. Therefore Remand to State Court is appropriate.

In addition, Remand of a case may be ordered either for "any defect in removal procedure" or for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); *Maniar v. FDIC*, 979 F.2d 782, 784, 785 (9th Cir. 1992). Here, both grounds exist justifying remand.

## Gardas's Notice of Removal Is Procedurally Defective

When Gardas sought to remove the State Court action, she had to do two things: (1) file a copy of his Notice of Removal with the State Court; (2) serve a copy of his Notice of Removal on opposing counsel. 28 U.S.C. § 1446(d).

Here, she did neither. All she did was file the Notice of Removal in the Bankruptcy Court. The Notice was not served on U.S. Bank, nor its counsel of record in the State Court action, Shanabrook Decl., Exhibit H.. More importantly, Gardas did not file the Notice of Removal with the State Court. Shanabrook Decl., Ex. H. These procedural defects alone are sufficient to justify granting this motion.

## There Is Also No Subject Matter Jurisdiction.

Gardas' effort to remove the State Court Action, however, fails for another reason: there is no subject matter jurisdiction here.

A case can only be removed if the party seeking Removal establishes that there is subject matter jurisdiction, either in the form of diversity or federal question. 28 U.S.C. § 1441(b); *Ultramar America, Ltd. Dwelle*, 900 F.2d 1412, 1414 (9th Cir. 1990). Here, Gardas tried to remove only on the grounds that there is a "federal question."

Removal jurisdiction based on a federal question is determined from the four corners of the complaint as it existed at the time of removal. *Franchise Tax Bd. of the State of Cal. v. Construction Labors Vacation Trust for Southern Cal.*, 463 U.S. 1, 10 (1983); *Galvez v. Kuhn*, 933 F.2d 773, 775 (9th Cir. 1991); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). And here the Plaintiff has filed a Complaint for Injunctive Relief that the State Court issued an Order Consolidating Cases and Granting Preliminary Injunction. However, the initial action was a complaint for unlawful detainer, which is based entirely on California State law. Gardas has violated the terms of the Order and in fact, Relief from the Automatic Stay was already granted to allow U.S. Bank to proceed with expunging said Order to proceed with its unlawful detainer action. Shanabrook Decl., Ex. G.

The Ninth Circuit has consistently held that unlawful detainer actions, such as this one,

- 7 -

cannot be removed on grounds of "federal question." See *Cooper v. Washington Mutual Bank*, 2003 WL 1563999 (March 19, 2003); *Washington v. Municipal Court*, 1999 WL 144870 (March 12, 1999); *Hunter v. Day,* 1996 WL 390326 (N.D. Cal. July 5, 1996); *Wollam v. Marin Convalescent and Rehab. Hospital, Inc.*, 1996 WL 263645 (N.D. Cal. May 2, 1996); *Las Casitas Assoc. v. Ramirez*, 1994 WL 618491 (N.D. Cal. Oct. 25, 1994).

Accordingly, there is no merit to Gardas' claim that the State Court Action involves a federal question justifying Removal jurisdiction. For this reason as well, the Court should find that Gardas' Removal attempt is defective and Order it Remanded to State Court.

**U.S. Bank is Entitled to Fees and Costs Pursuant to 28 U.S.C. § 1447(c)**

After remanding the case to state court, a Court has discretion to award the plaintiff attorneys' fees and costs incurred as a result of the Removal. 28 U.S.C. § 1447(c).

28 U.S.C. §1447(c) allows a court discretion to grant attorneys' fees and costs for an improper Removal. The sanction is applicable to bankruptcy Removals, but must be tied to specific Removals, by virtue of the language 'incurred as a result of the removal.' 28 U.S.C. §1447(c); *Billington v. Winograde (In re Hotel Mt. Lassen, Inc.)*, 207 B.R. 935, 943 (Bankr. E.D. Cal. 1997).

"The standard for awarding fee should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The purpose of such award is to reimburse the party who sought remand for litigation costs incurred as a result of unnecessary removal. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992). The award of attorneys' fees does not require a showing that the removal was made in "bad faith." *Id.*

Here, an award of reasonable attorneys' fee and costs is appropriate. Gardas failed to comply with the basic procedural rules for serving the Notice of Removal. She also tried to remove on a ground that has been consistently and constantly rejected by the Ninth Circuit Courts (i.e., the argument that an unlawful detainer action implicated a "federal question"). As a result

- 8 -

of these basic defects, Gardas should never have even tried to remove the State Court Action, let alone force U.S. Bank to bring this motion for remand. Under the present circumstances, U.S. Bank should be entitled to recover the fees and costs it had to incur to bring this motion.

**IV.**

**CONCLUSION**

Gardas' Notice of Removal is procedurally defective. Moreover, she has failed to establish that there is a subject matter jurisdiction. Indeed, under the established law in the Ninth Circuit, she can never establish that such jurisdiction exists.

This entire exercise was just one more ruse to try to delay the eviction process, and to drive up U.S. Bank's attorneys' fees.

For these reasons, U.S. Bank requests that the Court Remand this case to State Court and award it reasonable attorneys' fees and costs for having to pursue this motion.

DATED: October 21, 2009          SEVERSON & WERSON, P.C.

By: /s/ Adam N. Barasch
Donald H. Cram, III / Adam N. Barasch
Attorneys for U.S. Bank National Association,
As Trustee for CSAB Mortgage-Backed Pass
Through Certificates, Series 2006-2; Wells
Fargo Bank N.A.; America's Servicing
Company

- 9 -